IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
TUCSON DIVISION

**PERLA GONZALES**                                                    **PLAINTIFF**

vs.                                  No. 4:21-cv-_____

**BORDERLAND CONSTRUCTION COMPANY, INC.**          **DEFENDANT**

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Perla Gonzales ("Plaintiff") by and through her attorneys Marshall Hunt of Davis Miles McGuire Gardner, PLLC, and Courtney Lowery and Josh Sanford of Sanford Law Firm, PLLC, *pro hac vice* to be filed, and for her Original Complaint ("Complaint") against Defendant Borderland Construction Company, Inc. ("Defendant"), she states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"), and overtime provisions of Arizona Revised Statute § 23-391.

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and Arizona state law.

## II. JURISDICTION AND VENUE

3. The United States District Court for the District of Arizona has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges Arizona state law violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Tucson Division of the District of Arizona; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Pima County.

7. Defendant is a domestic, for-profit corporation.

8. Defendant's registered agent for service of process is Charles John Prettyman, Jr., at 400 East 38th Street, Tucson, Arizona 85713.

9. In the regular course of business, Defendant maintains a website at https://borderland-inc.com/.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Defendant operates a construction company in Tucson.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in

interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles, fuel, tools and equipment.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. Defendant employed Plaintiff from June of 2016 until March of 2017, and again from September of 2018 until April of 2020.

15. Plaintiff worked for Defendant as a Receptionist until October of 2018, and as a Dispatcher thereafter.

16. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

17. Sometimes Defendant purported to pay Plaintiff an hourly wage, and sometimes purported to pay her a salary.

18. Plaintiff was either classified as an hourly employee, non-exempt from the overtime requirements of the FLSA, or she was misclassified as a salary employee.

19. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid her wages and benefits, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

20. As a Receptionist, Plaintiff's primary duties included answering phones and assisting people who came into the office.

21. As a Dispatcher, Plaintiff's primary duties were to order materials, schedule trucks, obtain permits, and work with government officials to facilitate Defendant's use of water meters and digging around gas and water lines.

22. Even after Plaintiff was promoted to Dispatcher, she spent 2 to 3 hours per day acting as the receptionist.

23. At all times material hereto, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA.

24. Defendant paid Plaintiff $680.00 per week.

25. Therefore, Plaintiff was paid less than the $684.00/week minimum required by the FLSA for salaried employees. *See* 29 C.F.R. § 541.600.

26. Plaintiff did not have the authority to hire or fire any other employee.

27. Plaintiff was not asked to provide input as to which employees should be hired or fired.

28. Plaintiff did not exercise independent judgment as to matters of significance in carrying out her duties.

29. In carrying out her duties, Plaintiff followed the policies and processes set by Defendant or others.

30. Plaintiff sought input from supervisors in lieu of making significant decisions on their own.

31. Plaintiff regularly worked more than 40 hours per week during the relevant time period.

32. Plaintiff estimates she worked approximately 48 hours each week.

33. Plaintiff's regular hours were from 5:00 am or 6:00 am until around 2:30 pm, although she sometimes stayed in the office until 5 pm or later.

34. Additionally, Plaintiff regularly performed work even when she wasn't in the office, including taking calls from Defendant and making calls to suppliers to place an order or cancel an order.

35. Defendant did not pay Plaintiff 1.5x her regular rate for hours worked over 40 each week.

36. At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for all of the hours worked.

37. Defendant did not have a timekeeping system whereby Plaintiff could record and submit her time to Defendant.

38. Some of the work Plaintiff completed was time stamped (e.g., emails and phone calls).

39. Defendant knew or should have known that Plaintiff was working hours over forty each week.

40. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V. FIRST CLAIM FOR RELIEF—VIOLATION OF THE FLSA

41. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

42. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

43. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

44. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

45. Defendant either classified Plaintiff as an hourly employee, non-exempt from the overtime requirements of the FLSA, or misclassified Plaintiff as salaried and exempt from the requirements of the FLSA.

46. Defendant failed to pay Plaintiff for all hours worked.

47. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

48. Defendant knew or should have known that its actions violated the FLSA.

49. Defendant's conduct and practices, as described above, were willful.

50. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

51. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

52. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. SECOND CLAIM FOR RELIEF—VIOLATION OF A.R.S. § 23-391

53. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

54. Plaintiff asserts this claim for damages and declaratory relief pursuant to A.R.S. § 23-391.

55. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of A.R.S. § 23-391.

56. A.R.S. § 23-391 requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours per week if overtime compensation is mandated by federal law.

57. Defendant failed to pay Plaintiff for all hours worked.

58. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

59. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

60. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

61. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Perla Gonzales respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, A.R.S. § 23-291, and their related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA, A.R.S. § 23-391 and their related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, A.R.S. § 23-291 and their related regulations;

D. An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF PERLA GONZALES**

DAVIS MILES McGUIRE GARDNER, PLLC
40 East Rio Salado Pkwy, Suite 425
Tempe, Arizona 85281
Telephone: (480) 344-4987
Facsimile: (480) 733-3748

*/s/ Marshall Hunt*
Marshall Hunt
Ariz. Bar No.031060
efile.dockets@davismiles.com

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Courtney Lowery*
Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com
*Pro Hac Vice* Motion to be filed

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
*Pro Hac Vice* Motion to be filed