Abbe M. Goncharsky (ASB #22173)
**Abbe M. Goncharsky, PLLC**
6281 N. Oracle Rd. #35397
Tucson, Arizona 85740
Telephone: (520) 729-1400
Facsimile: (520) 729-1401
Email: abbe@amglawaz.com

*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Perla Gonzales and Luis Gonzales,<br><br>                          Plaintiffs,<br>v.<br>Borderland Construction Company, Inc.,<br><br>                          Defendant. | NO: 4:21-cv-00139-DCB-LCK<br><br>**DEFENDANT'S ANSWER TO FIRST AMENDED AND SUBSTITUTED COMPLAINT**<br><br>**Assigned to Hon. David C. Bury and Hon. Lynnette C. Kimmins**<br><br>**(Jury Trial Requested)** |

Defendant Borderland Construction Co., Inc. ("Borderland"), responds as follows to the First Amended and Substituted Complaint filed by Plaintiffs Perla Gonzales (individually, "Ms. Gonzales") and Luis Gonzales.

### I. PRELIMINARY STATEMENTS

1.      Paragraph 1 of Plaintiffs' First Amended and Substituted Complaint states a legal conclusion that does not call for either an admission or denial.

2.      Paragraph 2 of Plaintiffs' First Amended and Substituted Complaint states a legal conclusion that does not call for either an admission or denial.

3.      Paragraph 3 of Plaintiffs' First Amended and Substituted Complaint states a legal conclusion that does not call for either an admission or denial.

## II. JURISDICTION AND VENUE

4. On information and belief, Defendant admits the allegations set forth in Paragraph 4 of Plaintiffs' First Amended and Substituted Complaint.

5. On information and belief, Defendant admits the allegations set forth in Paragraph 5 of Plaintiffs' First Amended and Substituted Complaint.

## III. THE PARTIES

6. On information and belief, Defendant admits the allegations set forth in Paragraph 6 of Plaintiffs' First Amended and Substituted Complaint.

7. On information and belief, Defendant admits the allegations set forth in Paragraph 7 of Plaintiffs' First Amended and Substituted Complaint.

8. Defendant admits the allegations set forth in Paragraph 8 of Plaintiffs' First Amended and Substituted Complaint.

9. Defendant admits the allegations set forth in Paragraph 9 of Plaintiffs' First Amended and Substituted Complaint.

10. Defendant admits the allegations set forth in Paragraph 10 of Plaintiffs' First Amended and Substituted Complaint.

## IV. FACTUAL ALLEGATIONS

11. Defendant incorporates by reference each and every prior allegation as though fully set forth herein.

12. Defendant admits the allegations set forth in Paragraph 12 of Plaintiffs' First Amended and Substituted Complaint.

13. Defendant admits the allegations set forth in Paragraph 13 of Plaintiffs' First Amended and Substituted Complaint.

14. Defendant admits the allegations set forth in Paragraph 14 of Plaintiffs' First Amended and Substituted Complaint.

15. Defendant admits that Ms. Gonzales worked for Defendant Borderland from July 31, 2017, to March 23, 2018; August 9, 2018 to August 10, 2018; and

September 19, 2018 to April 20, 2020. Defendant denies the remaining allegations set forth in Paragraph 15 of Plaintiffs' First Amended and Substituted Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of Plaintiffs' First Amended and Substituted Complaint. Defendant alleges affirmatively that Ms. Gonzales worked as a Receptionist from July 2017 to March 2018, a Temporary Receptionist from August 9, 2018 to August 10, 2018, and Dispatcher from September 19, 2018 to April 20, 2020.

17. Paragraph 17 of Plaintiffs' First Amended and Substituted Complaint states a legal conclusion that does not call for either an admission or denial.

18. Defendant denies the allegations set forth in Paragraph 18 of Plaintiffs' First Amended and Substituted Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of Plaintiffs' First Amended and Substituted Complaint.

20. Defendant admits the allegations set forth in Paragraph 20 of Plaintiffs' First Amended and Substituted Complaint.

21. Defendant admits the allegations set forth in Paragraph 21 of Plaintiffs' First Amended and Substituted Complaint.

22. Defendant admits the allegations set forth in Paragraph 22 of Plaintiffs' First Amended and Substituted Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of Plaintiffs' First Amended and Substituted Complaint.

24. Paragraph 24 of Plaintiffs' First Amended and Substituted Complaint states a legal conclusion that does not call for either an admission or denial.

25. Defendant admits the allegations of Paragraph 25 of Plaintiffs' First Amended and Substituted Complaint to the extent that it paid Ms. Gonzales $680.00 per week for certain weeks during her employment and alleges affirmatively that Defendant's written pay documents speak for themselves.

26. Paragraph 26 of Plaintiffs' First Amended and Substituted Complaint states a legal conclusion that does not call for either an admission or denial.

27. Defendant admits the allegations set forth in Paragraph 27 of Plaintiffs' First Amended and Substituted Complaint.

28. Defendant admits the allegations set forth in Paragraph 28 of Plaintiffs' First Amended and Substituted Complaint.

29. Defendant admits the allegations set forth in Paragraph 29 of Plaintiffs' First Amended and Substituted Complaint.

30. Defendant admits the allegations set forth in Paragraph 30 of Plaintiffs' First Amended and Substituted Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of Plaintiffs' First Amended and Substituted Complaint and alleges affirmatively that while Defendant's management directed Ms. Gonzales as to her work efforts, Ms. Gonzales did not always abide by that direction.

32. Defendant denies the allegations set forth in Paragraph 32 of Plaintiffs' First Amended and Substituted Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of Plaintiffs' First Amended and Substituted Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of Plaintiffs' First Amended and Substituted Complaint. Defendant alleges affirmatively that Ms. Gonzales was scheduled to work a fixed schedule of eight hours per day, plus a one-hour lunch break. Defendant set Ms. Gonzales' schedule with consideration as to the season of the year.

35. Defendant denies the allegations set forth in Paragraph 35 of Plaintiffs' First Amended and Substituted Complaint and alleges affirmatively that on the one occasion that Ms. Gonzales chose to work outside of the office and her normal work hours, Defendant counseled Ms. Gonzales for doing so without prior approval by its management.

36. Defendant denies the allegations set forth in Paragraph 36 of Plaintiffs' First Amended and Substituted Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of Plaintiffs' First Amended and Substituted Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of Plaintiffs' First Amended and Substituted Complaint and alleges affirmatively that it directed Ms. Gonzales to work her shifts as scheduled and notify Defendant of any deviation therefrom.

39. Defendant admits the allegations set forth in Paragraph 39 of Plaintiffs' First Amended and Substituted Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of Plaintiffs' First Amended and Substituted Complaint.

41. Defendant denies the allegations set forth in Paragraph 41 of Plaintiffs' First Amended and Substituted Complaint.

**V. FIRST CLAIM FOR RELIEF – VIOLATION OF THE FLSA**

42. Defendant incorporates by reference each and every prior allegation as though fully set forth herein.

43. Paragraph 43 of Plaintiffs' First Amended and Substituted Complaint states a legal conclusion that does not call for either an admission or denial.

44. Paragraph 44 of Plaintiffs' First Amended and Substituted Complaint states a legal conclusion that does not call for either an admission or denial.

45. Paragraph 45 of Plaintiffs' First Amended and Substituted Complaint states a legal conclusion that does not call for either an admission or denial.

46. Defendant denies the allegations set forth in Paragraph 46 of Plaintiffs' First Amended and Substituted Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of Plaintiffs' First Amended and Substituted Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of Plaintiffs' First Amended and Substituted Complaint.

49. Defendant denies the allegations set forth in Paragraph 49 of Plaintiffs' First Amended and Substituted Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of Plaintiffs' First Amended and Substituted Complaint, except to the extent that Paragraph 50 of Plaintiffs' First Amended and Substituted Complaint states a legal conclusion that does not call for either an admission or denial.

51. Paragraph 51 of Plaintiffs' First Amended and Substituted Complaint states a legal conclusion that does not call for either an admission or denial.

52. Paragraph 52 of Plaintiffs' First Amended and Substituted Complaint states a legal conclusion that does not call for either an admission or denial. Defendant alleges affirmatively that it has acted in good faith at all times with respect to the allegations asserted in Plaintiffs' First Amended and Substituted Complaint.

53. Paragraph 53 of Plaintiffs' First Amended and Substituted Complaint states a legal conclusion that does not call for either an admission or denial.

## **GENERAL DENIAL**

Defendant Borderland denies any allegation contained in Plaintiffs' First Amended and Substituted Complaint not expressly admitted herein.

## **DEFENSES**

By way of further response, Defendant Borderland pleads the following defenses:

1. Defendant Borderland's actions were in all respects in good faith and for legitimate, nondiscriminatory reasons.

2. To the extent that Ms. Gonzales suffered a loss of wages, causing any damages to Plaintiffs, Defendant Borderland is entitled to offset any unpaid wages with other wages, compensation, or benefits paid to Ms. Gonzales.

3. Plaintiffs' alleged injuries and/or damages, if any, were caused by Ms. Gonzales' own actions, omissions, or conduct.

4. Plaintiffs' claims for damages are barred, in whole or in part, because Ms. Gonzales failed to reasonably mitigate her damages. Defendant Borderland is entitled to a set-off against Plaintiffs' claims for damages in the amount(s) Ms. Gonzales did or could have earned through reasonable efforts.

5. Some or all of Plaintiffs' claims may be barred by the applicable statute of limitations, after-acquired evidence doctrine, or the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

**RESERVATION**

Defendant Borderland reserves the right to move this Court to amend the foregoing defenses and/or add defenses based on information obtained during discovery.

WHEREFORE, Defendant Borderland requests the following relief:

1. Plaintiffs' First Amended and Substituted Complaint be dismissed with prejudice;

2. Plaintiffs take nothing by their First Amended and Substituted Complaint against Defendant Borderland;

3. For an award of taxable costs incurred by Defendant Borderland; and

4. For such other and further relief as this Court deems proper.

RESPECTFULLY SUBMITTED this 7th day of October 2021.

**ABBE M. GONCHARSKY, PLLC**

/s/ Abbe M. Goncharsky

By Abbe M. Goncharsky
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Marshall Hunt
Davis Miles McGuire Gardner, PLLC
40 East Rio Salado Pkwy, Suite 425
Tempe, Arizona  85281


Courtney Lowery
Josh Sanford
Sanford Law Firm
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas  72211


/s/ Abbe M. Goncharsky